IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL DELLINGER                                                                                      PLAINTIFF

v.                    Civil No. 4:22-CV-04115-SOH-CDC

BOBBY WALRAVEN, Sheriff, Little River County;
GINA BUTLER, Jail Administrator, Little River County;
MARIAN HOPKINS, Correctional Officer, Little River County Jail;
DR. ELKINS, Little River County Jail; and
LITTLE RIVER COUNTY JAIL ADMINISTRATION                                 DEFENDANTS

**ORDER**

Plaintiff Michael Dellinger filed the above-captioned civil rights action *pro se* pursuant to 42 U.S.C. § 1983 for an incident that allegedly occurred when he was a pretrial detainee at the Little River County Detention Center (LRCDC), Ashdown, Arkansas.[1] (ECF Nos. 2 & 9). Plaintiff initially filed the Complaint in the Eastern District of Arkansas, but the action was transferred to this District because the LRCDC is in this District and venue is proper in the judicial district where "any defendant resides" or where "a substantial part of the events or omissions giving rise to the claim occurred." (ECF No. 3) (citing 28 U.S.C. § 1391(b)).

Upon transfer, this Court granted Plaintiff's application to proceed *in forma pauperis* (IFP). (ECF No. 6). That same day, the Court directed Plaintiff to submit an amended complaint on this District's court-approved form. (ECF No. 7). In that order, the Court cautioned Plaintiff that the amended complaint must specifically identify how each named defendant allegedly violated his

---

[1] Plaintiff was subsequently convicted and sentenced on state criminal charges. *See State v. Dellinger*, 41CR-22-64 (Ark. Cir. Ct., May 6, 2022); *State v. Dellinger*, 41CR-22-88 (Ark. Cir. Ct. June 27, 2022) (Ark. Court Connect) (last visited Jan. 17, 2023). Plaintiff is now a prisoner at the North Central Unit state prison in Calico Rock, Arkansas. (ECF No. 9 at p. 1).

constitutional rights, failing which the claims against that defendant may be dismissed for failure to state a claim. (ECF No. 7).

Upon receipt of Plaintiff's Amended Complaint, the Court reviewed it pursuant to 28 U.S.C. § 1915A of the Prison Litigation Reform Act ("PLRA") and recommended that Plaintiff's claims be dismissed without prejudice *except* Plaintiff's claim against Dr. Elkins in his individual capacity and his claim against Jail Administrator Gina Butler in her individual capacity. (ECF No. 10). The Court issued a service order with respect to those claims only. (ECF No. 11). Objections to the Report and Recommendation were due by February 9, 2023. *Id.* On February 7, 2023, Plaintiff filed a Motion requesting the following relief: (1) to amend the complaint to plead claims against the defendants in their official and individual capacities and to add the sheriff as a defendant; or (2) for an extension of time to file objections to the Report and Recommendation. (ECF No. 13). This matter comes now before the Court on this motion.

## DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure addresses requests to amend the complaint. Pursuant to Rule 15(a), a party may amend the complaint once as a matter of course within "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after a service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)-(B). Plaintiff has already filed an Amended Complaint; he is requesting to submit a first amended complaint. Such requests are addressed by Rule 15(a)(2), which provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. *The Court should freely give leave when justice so requires*." Fed. R. Civ. P. 15(a)(2) (emphasis added).

2

Here, although service has been issued on Plaintiff's Amended Complaint and the Defendants have filed an Answer, Plaintiff filed his Motion before the deadline for filing objections to the Report and Recommendation. Further, at this point, the Court cannot determine whether further amendment to the complaint would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (recognizing the "futility" of the amendment as grounds to deny a proposed amendment). Given that the parties have not yet started the discovery phase, the Court finds that allowing Plaintiff one more opportunity to amend the complaint would not prejudice either party or cause any unnecessary delay. Thus, the Court grants Plaintiff's Motion to the extent that it requests to amend the Complaint. Plaintiff's motion is denied as moot in all other respects.

It bears repeating that in the First Amended Complaint, Plaintiff must write short, plain statements telling the Court: the constitutional right Plaintiff believes was violated; when the incident occurred; exactly what each Defendant did or failed to do; how the action or inaction of that Defendant is connected to the violation of the constitutional rights; and what specific injury Plaintiff suffered because of the misconduct of that Defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); Fed. R. Civ. P. 8. Plaintiff is CAUTIONED that he must affirmatively link the conduct of each named Defendant with the specific injury he suffered.

Plaintiff must clearly designate on the face of the document that it is a First Amended Complaint. The First Amended Complaint must be retyped or rewritten in its entirely on the court-approved form. Plaintiff may not reference any part of the original complaint. As a reminder, a First Amended Complaint supersedes, or takes the place of, the original Complaint and the Amended Complaint. After amendment, the Court will treat the original Complaint and Amended Complaint as nonexistent. Any cause of action that was raised in the original

3

Complaint and Amended Complaint is waived if it is not also raised in the First Amended Complaint. **This case shall be subject to dismissal if Plaintiff fails to return the First Amended Complaint by the Court's imposed deadline of April 13, 2023. The Clerk is directed to send Plaintiff a copy of the court-approved § 1983 form.**

## CONCLUSION

**THE COURT HEREBY ORDERS THAT:** (1) The Report and Recommendation dated January 23, 2023, (ECF No. 10), is **VACATED**; (2) Plaintiff's Motion to Amend the Complaint is **GRANTED**; (3) Plaintiff's Motion to Extend the Deadline for Filing Objections to the Report and Recommendation is **DENIED as MOOT**; and (4) Plaintiff must file a First Amended Complaint consistent with this Order by no later than **April 13, 2023**, failing which this action will be subject to dismissal for failure to comply with Court orders and failure to prosecute.

**IT IS SO ORDERED.**

**DATED** this 16th day of March 2023.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE