IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL DELLINGER                                                                                      PLAINTIFF

v.                                           Civil No. 4:22-cv-04115-SOH-BAB

GINA BUTLER, Jail Administrator, Little River County; and
DARRELL ELKIN, Little River County Jail                                            DEFENDANTS.

**MAGISTRATE'S REPORT AND RECOMMENDATION**

Plaintiff Michael Dellinger filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, United States Chief District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation on Defendants' Motion for Summary Judgment for Failing to Exhaust Administrative Remedies ("Summary Judgment Motion"). (ECF No. 22). Along with the Summary Judgment Motion, Defendants filed a memorandum, (ECF No. 23), and a statement of facts, (ECF No. 24), including six (6) exhibits, in support. Plaintiff has filed a response. (ECF No. 28). And Defendants have filed a reply. (ECF No. 30). This matter is therefore now ripe for the Court's consideration. For the reasons outlined below, this Court recommends that Defendants' Motion for Summary Judgment be GRANTED.

**BACKGROUND**

The sole issue before the Court on Defendants' Motion for Summary Judgment is whether

1

the Plaintiff, a prisoner, first exhausted his administrative remedies in accordance with 42 U.S.C. § 1997e(a) before initiating this action. (ECF No. 22). After preservice review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A(a),[1] the Court ordered that Plaintiff's individual capacity claims against Defendants Darrell Elkin and Gina Butler proceed and all other claims be dismissed for failure to state a claim as a matter of law. (ECF No. 21).

With respect to these remaining claims, Defendants contend that Plaintiff did not first exhaust his administrative remedies before filing this action in federal court. (Def.'s Mot. Sum. J. at ¶¶ 12-13 (ECF No. 22)). This Court agrees.

Plaintiff was booked into the Little River County Detention Center (LRCDC) on July 22, 2022. (State. Indisp. Mat. Facts, Ex. A1, Arrest and Booking, (ECF No. 24-2)). Defendants contend that from that date until the date Plaintiff filed the Amended Complaint, December 15, 2022, Plaintiff filed approximately 10 requests and grievances. *Id.* Ex. A, Aff. Butler at ¶ 6 (ECF No. 24-1). But Defendants did not copy and retain Plaintiff's grievance from July 31, 2022. *Id.* at ¶ 7 (citing Amend. Comp. at p. 17 (ECF No. 9)).

According to Defendants, the grievance procedure in effect at all times relevant to the factual predicate of Plaintiff's claims provides that "a grievance shall be submitted in the form of a written statement by the inmate promptly following the incident on a form specified." *Id.*, Ex. A5 at p. 1 (ECF No. 24-6). And the contents of the grievance "shall state fully the: time, date, names of the detention deputy and/or staff members involved, and pertinent details of the incident, including the names of any witnesses." *Id.*

---

[1] In identifying Plaintiff's claims, this Court construed his original complaint and Amended Complaint together. (ECF No. 9); *see Kirr v. North Dakota Public Health*, 651 F. App'x 567, 568 (8th Cir. 2016).

Defendants claim that Plaintiff did not follow this grievance procedure prior to initiating this lawsuit. Defendants assert that Plaintiff did not file any grievances specifically naming Darrell Elkin. *Id.*, Ex. A at ¶ 9 (ECF No. 24-1). Further, Defendants claim that Plaintiff did not file any grievances specifically naming Gina Butler. *Id.* at ¶ 8.

Plaintiff contends that he filed at least two grievances about staff failing to give him his diabetes medication. (ECF No. 28). Although Plaintiff concedes that he did not file any grievances specifically against Defendant Elkin while incarcerated at the LRCDC, Plaintiff contends that the record shows that Defendant Elkin nevertheless acted with medical indifference in failing to properly manage his diabetes. *Id.*

### LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party." *Ward v. Olson*, 939 F. Supp. 2d 956, 961 (D. Minn. 2013) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). A fact is material only when its resolution would affect the outcome of a case. *Anderson*, 477 U.S. at 248.

Further, the moving party bears the initial burden of identifying "those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Jackson v. United Parcel Serv., Inc.*, 643 F.3d 1081, 1085 (8th Cir. 2001). In response, the nonmoving party "may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial." *Forrest v. Kraft Foods, Inc.*, 285 F.3d 688, 691 (8th Cir. 2002). In considering a summary judgment motion, the court views all the evidence and inferences in the

light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255.

## DISCUSSION

Section 1997e(a) of the Prison Litigation Reform Act (PLRA) "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733 (2001). This requirement is mandatory. *See Chelette v. Harris*, 299 F.3d 684, 687 (8th Cir. 2000). But "[i]f an inmate fails to exhaust one or more discrete claims raised in the § 1983 complaint, the PLRA requires only that the unexhausted claim or claims be dismissed—it does not require that the complaint be dismissed in its entirety." *Abdul-Muhammad v. Kempker*, 486 F.3d 444, 446 (8th Cir. 2007) (citing *Jones v. Bock*, 549 U.S. 199 (2007)).

In determining whether the plaintiff has first exhausted his administrative remedies, courts look to the prison's grievance procedure. *Id.* "[T]he degree of specificity required in a prison grievance 'will vary from system to system and claim to claim, but it is the prison's requirements, and not that PLRA, that define the boundaries of proper exhaustion.'" *Id.* (quoting *Jones*, 549 U.S. at 218)). Thus, to satisfy Section 1997(e)(a)'s exhaustion requirement, inmates must file grievances in accordance with the institution's policies and procedures. *See Washington v. Uner*, 273 F. App'x 575, 577 (8th Cir. 2008) (citing *Woodford v. Ngo*, 548 U.S. 81, 91-92 (2006)).

In this case, Defendants assert that the LRCDC grievance procedure requires that the grievance include the "time, date, names of the detention deputy and/or staff members involved, and pertinent details of the incident, including the names of any witness." (Stat. Indisp. Facts, Policies and Procedures, Ex. A5 at p. 1 (ECF No. 24-6)). Plaintiff has not addressed this assertion.

4

(Resp. (ECF No. 28)).[2]  The Court, then, considers this fact undisputed for the purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2).  Further, Plaintiff does not argue—or assert any facts to suggest—that this procedure was not available to him within the meaning of Section 1997(e)(a). *See Porter v. Sturm*, 781 F.3d 448, 452 (8th Cir. 2015) ("Inmates are excused from exhausting remedies when officials have prevented prisoners from utilizing the procedures, or when officials themselves have failed to comply with the procedures.") (internal citation omitted).  Accordingly, the Court considers whether Plaintiff exhausted this procedure with respect to the defendants to this matter: Darrell Elkin and Gina Butler.

**A. Darrell Elkin**

Turning first to Darrell Elkin, Plaintiff claims that on July 25, 2022, Elkin broke his insulin, gave him someone else's insulin, and failed to provide him with proper medical care. (Amend. Comp. (ECF No. 9)).[3]

---

[2] In the Court's order directing Plaintiff to respond to Defendants' Motion for Summary Judgment, this Court explained that Plaintiff's response could not rely on mere argument. (ECF No. 25).  Rather, the Court directed Plaintiff to submit affidavits, prison records, or other evidence establishing that there is a genuine issue of material fact for trial. *Id.* Plaintiff's response, however, is neither a sworn affidavit nor has it been executed under penalty of perjury pursuant to 28 U.S.C. § 1746. Accordingly, the Court refers to Plaintiff's verified Amended Complaint to determine whether there are any material fact disputes for trial. *See Ward v. Moore*, 414 F.3d 968, 970 (8th Cir. 2005) (concluding that plaintiff's second amended complaint is the equivalent to an affidavit and can serve as plaintiff's response to defendants' summary judgment motion because it was verified under penalty of perjury) (citing *Spear v. Dayton's*, 733 F.2d 554, 555-56 (8th Cir. 1984)). The Court considers Plaintiff's response as argument in opposition to Defendants' Summary Judgment Motion.

[3] In Plaintiff's response to Defendants' Motion for Summary Judgment, Plaintiff contends that this incident occurred on July 5, 2022. (ECF No. 28).  Plaintiff's verified Amended Complaint, however, identifies the incident date in question as July 25, 2022. (Amend. Comp. at p. 4 (ECF No. 9)). Further, the unchallenged Arrest and Booking sheet shows that Plaintiff did not enter LRCDC until July 22, 2022. (Stat. Indisp. Facts, Arrest and Booking, Ex. A1 (ECF No. 24-2)).  This Court, therefore, considers Plaintiff's reference to July 5, 2022, an error.  In any event,

5

There is no dispute of material fact that Plaintiff did not file a grievance against Defendant Elkin related to this incident. (Stat. Indisp. Facts, Ex. A, Aff. Butler, ¶ 9 (ECF No. 24-1)); (Resp. at p. 2 (ECF No. 28)). There is also no dispute that Plaintiff did not file any grievances against Defendant Elkin related to his medical care while incarcerated at the LRCDC. *Id.* Instead, Plaintiff asserts that his claims against Defendant Elkin should go forward because his failure to provide him with adequate medical care while he was incarcerated at the LRCDC clearly constitutes medical indifference in violation of his constitutional rights. *See* (Resp. at p. 2 (ECF No. 28)).

The exhaustion requirement, however, is mandatory, regardless of the potential merits of the claims themselves. Plaintiff's claims against Defendant Elkin should therefore be dismissed without prejudice for failure to exhaust.

**B. Gina Butler**

This leaves Plaintiff's claims against Defendant Gina Butler. There is no dispute that Plaintiff filed a grievance on July 31, 2022, against LRCDC guards for failing to check his blood sugar levels at his request. (Amend. Comp., Ex. A at p. 17 (ECF No. 9)). There is also no dispute that Plaintiff filed a grievance on August 18, 2022, because he continued to encounter resistance when requesting insulin to manage his diabetes. *Id.* at p. 18; *see also* (Stat. Indisp. Facts, Ex. A2, Requests and Grievances, at p. 2 (ECF No. 24-3)). Plaintiff specifically names "Chapa" in this grievance. *Id.* But there are no grievances claiming that Defendant Gina Butler failed to properly supervise or train LRCDC staff, nor are there any grievances claiming that Defendant Gina Butler

---

the date of the alleged incident is immaterial for the purposes of this summary judgment motion: this Court recommends that Plaintiff's claims against Elkin be dismissed because Plaintiff did not first exhaust his administrative remedies by filing any grievances about Elkin before filing this action.

was not doing her job correctly or adequately. Although Plaintiff claims that "[Defendant] Butler neglected to do anything about my situation by not providing proper care," [ECF No. 6], there are no grievances against Defendant Gina Butler for any reason.[4] Rather, Plaintiff contends that his general grievances against LRCDC staff for not checking his blood sugar levels or providing him with his insulin at his request should satisfy the exhaustion requirement because if "Gina Butler and [Captain] Tracey Smith would have made sure to do as they said they would and made sure their staff was on the same page as them, then there shouldn't have been any problems with he plaintiff getting proper care for his health." (Resp. at p. 1 (ECF No. 28)). This argument is unavailing.

The LRCDC grievance policy requires inmates to specifically identify the individuals involved in the incident. (Stat. Indisp. Facts, Policies and Procedures, Ex. A5 at p. 1 (ECF No. 24-6)). Because there is no dispute of material fact that Plaintiff did not file a grievance against Defendant Butler *about* Defendant Butler for failing to provide him with proper medical care, or failing to take corrective action to ensure that he received proper medical care, or for any reason at all,[5] Plaintiff's claims against Defendant Butler should also be dismissed without prejudice.

---

[4] Although the Defendants did not retain a copy of Plaintiff grievance from July 31, 2022, *see* (Stat. Indisp. Facts, Ex. A, Aff. Butler at ¶ 7 (ECF No. 24-1)), Plaintiff does not contend that there are *other* grievances that he filed related to his claims that were not copied and retained by jail staff. *See* (Resp. (ECF No. 28)). Thus, the Court considers the grievances presented by the Defendants, which includes those offered by the Plaintiff and three others, in addition to the July 31, 2022, grievance, which Plaintiff attached to his Amended Complaint, as the closed universe of relevant grievances the parties wish the Court to consider in determining whether Plaintiff first exhausted his administrative remedies before filing this action.

[5] To be sure, it is undisputed that Plaintiff filed multiple requests asking for copies of his blood sugar logs, disputing charges to his account for medical visits, and asking about misdemeanor fines and charges to his commissary account. *See* (Stat. Indisp. Facts, Policies and Procedures, Ex. A2 at pp. 1, 3-6, 7-8 (ECF No. 24-3)). Further, it is undisputed that Plaintiff filed

## CONCLUSION

In sum and for all the reasons outlined above, **IT IS RECOMMENDED THAT** Plaintiff's claims against Darrell Elkin and Gina Butler be **DISMISSED WITHOUT PREJUDICE** for failure to first exhaust administrative remedies pursuant to 28 U.S.C. § 1997(e)(a) and that this matter therefore be **DISMISSED** in its entirety.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of August 2023.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

a grievance complaining that an earlier grievance had not been adequately addressed, and asking why he had not yet received a response to his grievances/requests. *Id.* at pp. 2 & 9. But not one of these grievances is specifically *about* Defendant Butler for failing to ensure that he received proper medical care at that LRCDC, the basis of his claims against her.